UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIY YEGOROV, | No. 2:18-cv-00601-MCE-GGH |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| MELNICHUR DANIIL, | |
| Defendant. | |

*IN FORMA PAUPERIS APPLICATION*

Plaintiff Dmitriy Yegorov filed this complaint in pro se, ECF No. 1, and seeks in forma pauperis ["IFP"] status. ECF No. 2. The court has examined the informa pauperis application and has determined that plaintiff lacks the resources to pay the fees and costs associated with this action and will therefore grant IFP status.

*SCREENING*

Addressing IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in making this determination by drafting his complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the

1

reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way). Plaintiffs' claims must be set forth simply, concisely and directly. See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federalrules-civil-procedure.

Forms are also available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), *as amended*, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

/////

*THE COMPLAINT*

In order to maintain a suit in federal court, the plaintiff must allege a basis for federal jurisdiction insofar as a federal court may adjudicate only those cases authorized by the Constitution and by Congress  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. sections 1331 and 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682 (1945).  A simple reference to a federal law does not create subject matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5thCir. 1995).  Subject matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Id.

Here, plaintiff has checked the box for federal jurisdiction on the cover sheet filed with his complaint, ECF No. 1 at 1, but states no facts in his Complaint to support the contention and identifies his "injury" on the same cover sheet as a tort in the nature of personal injury.  He also identifies several federal statutes which are as follows:

    1.    18 U.S.C. section 351

Plaintiff purports to be suing for a violation of his federal Constitutional rights. However, in order to state a cognizable claim and establish jurisdiction, he must do so pursuant to 28 U.S.C. section 1983, which establishes the basis for such a claim, or the federal Bivens counterpart.  The referenced statute states identifies crimes related to harms to members of Congress, heads of federal Departments, and federal court Justices including killing, kidnapping, attempting any of these wrongs, conspiring to accomplish these wrongs.  There is nothing in the text of plaintiff's complaint that any of these are involved here.  Equally important is the fact that this is a criminal statute that is the province of law enforcement entities to pursue with no indication that a private citizen has standing to bring an action on this statute.

    2.    18 U.S.C. section 413

This code section regulates the distribution of publications to federal courts and contains no provision for action by any person other than the Attorney General and Director.

3.      18 U.S.C. section 371

This is a criminal statute that addresses conspiracies to conspire to or to commit an offense against the United States and, as with the earlier statutes, confers no standing to pursue action under the statute to private parties.

4.      18 U.S.C. section 2613

This statute regulates the contracting for sale of electric energy by a federal agency for resale to any electric utility and appears to have no connection to the matter at hand whatever and confers no private party enforcement standing.

In the body of the complaint, plaintiff states that defendant is illegally in the United States, that the two parties apparently had a confrontation over treatment given to plaintiff's children by defendant, during the course of which defendant is alleged to have contacted a law enforcement officer who appeared on the scene an injured plaintiff. Although the possibility is slim, there is nonetheless a possibility that plaintiff is attempting to bring suit against not just plaintiff, but also a law enforcement officer who used unreasonable force and, therefore, suggests the slim possibility he is attempting to alleged a claim against one or both of the individuals pursuant to 42 U.S.C. section 1983. Given the deference that must be given to pro se litigants as discussed above in the screening section of this Order, see Haines v. Kerner, supra, the court will here indulge this possibility.

5.      42 U.S.C. section 1983

In order to state a claim under section 1983 the plaintiff must plead and prove (1) state action (2) which deprived him of a federal right or interest, and (3) this deprivation did not include constitutionally sufficient notice and an opportunity to be heard before the deprivation was complete. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982), i.e., he must describe conduct that allegedly caused deprivation of a federal right that can be fairly attributable to the state. American Mfrs. Mutual Ins. Co. v. Sullivan, 527 U.S. 40, 50 (1999); Cleveland v. Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985). In other words, there must be action taken pursuant to state, or federal, law and significant state involvement in the action taken. Sullivan, supra, at 50, n.9. The only facts stated about governmental action in this complaint refers to the presence of an

unidentified law enforcement official of unknown provenance who came to the scene of a dispute between plaintiff and defendant and injured plaintiff, presumably at the urging of defendant, with whom he entered a conspiracy to deprive plaintiff of his rights.

As unlikely as the foregoing scenario may be, the court will permit plaintiff to attempt to state a proper claim through amendment of his complaint, but encourages him to recognize that an action against the presently named defendant, who is not a state actor, if it is indeed his intent to sue on the basis of conspiracy, will require facts suggesting a conspiracy between the private actor and a governmental actor or entity specifically designed to deprive this plaintiff of his constitutional rights. If he cannot accomplish the foregoing, his claims, if any, belong in a state court based upon a tort theory, not in a federal court of limited jurisdiction.

*CONCLUSION*

As stated above, Haines v. Kerner, supra, directs the courts to dismiss a pro se complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. This court can find only one plausible way that the injuries claimed by plaintiff in his complaint can be added to, refined, or amended to reflect a constitutional injury. For this reason, the court will permit one attempt to amend the complaint in conformity with the information provided in this Order.

In light of the foregoing IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is GRANTED; and
2. Plaintiff's complaint is dismissed with leave to amend in conformity with the discussion above, within 30 days of the entry of this Order

DATED: March 23, 2018

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

5